IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BOBBY R. MILLIGAN, et al.,

                Plaintiffs,

v.                                       CIVIL ACTION NO. 2:09-cv-00121

ACTAVIS, INC. et al,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the parties' Stipulation for Dismissal Without Prejudice. [Docket 42]. As discussed within, I defer action on the proposed Stipulation of Dismissal awaiting further information from the parties.

On August 18, 2008, plaintiffs instituted this action with a "Class Action Complaint." On August 19, 2009, plaintiffs and the defendants filed a stipulation dismissing the Class Action Complaint without prejudice. Federal Rule of Civil Procedure 23((e) provides that "[t]he claims, issues, or defenses of *a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval" and requires that certain procedures be followed prior to dismissal. Fed. R. Civ. P. 23(e) (emphasis added). No class has been certified. Rule 23(e) is thus inapplicable.

In *Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir. 1978), however, our court of appeals

addressed "the procedure to be followed by a district court in passing upon a voluntary motion to dismiss an action, filed both as an individual and as a class action, when the individual action has been settled without court approval in advance of any certification of the action as a class action." The Court held that "before a District Court may consider or approve a voluntary pre-certification settlement of an action . . . [it must] determine what 'claims are being compromised' between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." *Id.* at 1314. Dismissal may occur only if I am "clearly satisfied that there has been no abuse of the class action device and no prejudice to absent putative class members." *Id.*[1]

There is no basis for a finding of prejudice. The absent putative class members are not bound by any settlement. It is unlikely they are even aware of their status as putative class members. Concerning collusion, however, more information is required of the parties:

> In 'focusing' on the possibility of collusion, . . . the District Court should conduct

---

[1] I am aware of the 2003 Amendment to Rule 23(e), which provides in pertinent part as follows:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be -- and at times was -- read to require court approval of settlements with putative class representatives that resolved only individual claims. *See Manual for Complex Litigation Third*, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23(e) (Advis. Comm. Notes). Until the court of appeals revisits *Pargo* in light of the amendment, I believe I am obligated to apply that decision as binding precedent. *See, e.g., Smith v. Moore*, 137 F.3d 808, 821(4th Cir. 1997) ("It is well established that a decision of this Court is binding on other panels unless it is overruled by a subsequent *en banc* opinion of the Court or an intervening decision of the United States Supreme Court.") (citing *Industrial Turnaround Corp. v. NLRB*, 115 F.3d 248, 254 (4th Cir. 1997)).

a careful inquiry into the terms of the settlement, particularly the amount paid the plaintiff in purported compromise of his individual claim and the compensation to be received by plaintiff's counsel, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney. . . . We repeat that the amount of the compromise payment is an important fact to be given careful consideration by the District Court in resolving the possibility of collusion in the settlement, but we would emphasize that the weight to be accorded this fact as well as all the other circumstances surrounding the settlement, is a decision committed to the discretion of the District Court, whose decision is only to be reversed for clear abuse of that discretion.

*Id.* at 1315.[2]

If dismissal were sought without an accompanying settlement, then, I would not require any further information and the action could be dismissed by agreed order. In such a case there would be little concern that the plaintiff was inappropriately leveraging the putative class members' claims to achieve a more desirable settlement for himself, and violating his fiduciary obligations to the putative class in the process. It is unclear, however, if this action involves a

---

[2]Language in *Pargo* suggests a hearing is necessary in determining if collusion and prejudice are present. A former member of this Court, however, concluded a hearing was not required in every instance. *McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 83 (S.D. W. Va. 2001)("The Court does not believe . . . [*Pargo*] requires a full adversarial hearing in every case prior to the dismissal of class claims. In fact, while mentioning a hearing should be conducted, the case also appears to permit, in the alternative, a 'proper inquiry.' That inquiry, especially when . . . [*Pargo*] does not appear to apply to a case such as this one, may be discharged by full briefing of the issues.") (citation omitted). The decision in *McCoy* is a sensible one. I choose to follow it.

voluntary dismissal without an accompanying settlement of claims.  The submitted stipulation for dismissal is void of any clarification of the terms governing dismissal.

Accordingly, I **ORDER** that the parties must submit to me no later than 10 days following entry of this order a summary of the terms of any settlement reached as part of the proposed dismissal of this action.  If disclosure of any settlement terms raises confidentiality concerns, the parties may so advise me in advance of the expiration of the 10 day period and suggest any procedures they deem necessary to protect the secrecy of the terms, mindful of our court of appeals' precedent restricting the sealing of court documents.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 9, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge